Fritz, Appellant, *v.* McCabe, Appellee.

(No. 81AP-758—Decided September 16, 1982.)

*Messrs. Knepper, White, Arter & Hadden* and *Mr. Douglas M. Bricker,* for appellant.

*Messrs. Hamilton, Kramer, Myers, Summers & Cheek* and *Ms. Evelyn J. Stratton,* for appellee.

Moyer, J. This matter is before us on plaintiff-appellant's appeal from a summary judgment granted by the Court of Common Pleas of Franklin County in favor of defendant-appellee.

Most of the material facts are not in dispute. Plaintiff sued defendant for injuries she received when defendant struck her with his automobile while she was crossing from the north side of Broad Street to the south side, at the intersection of Broad Street and Young Street. Plaintiff customarily crossed at the intersection after leaving her place of employment on the north side of Broad Street. On the date of the accident, she stood on the northwest corner of the intersection, through which the westbound bumper-to-bumper traffic on Broad Street was moving at a slow pace. When she stepped from the curb into the first westbound lane, a car in that lane had stopped and the car in the second lane had stopped "a little farther up and the third car, a little farther than that." The third car stopped at a point that caused plaintiff to walk around part of the car in order to continue walking in a straight line to the south side of Broad Street. She testified

in her deposition that all three cars stopped well enough in advance that she could keep walking. As she approached the fourth westbound lane, she looked to the east at westbound traffic, then to the west at eastbound traffic and then proceeded into the fourth westbound lane. Defendant's car had moved from the third westbound lane to the fourth westbound lane and struck plaintiff, causing her severe injuries.

Defendant testified in his deposition that immediately prior to the accident he had turned right onto Broad Street from Fifth Street and proceeded westbound in the second lane from the curb. At the time he entered Broad Street, traffic was heavy with cars in all four westbound lanes. The cars were moving, stopping, starting and creeping.

Defendant then moved into the third westbound lane in which he traveled only a few feet, after which he moved into the fourth lane. He also testified that on other days he had seen pedestrians crossing at the Broad and Young Street intersection when he was a pedestrian and that he had seen automobiles stop to allow pedestrians to cross at the intersection. Defendant also testified that he traveled this route many times and that he usually moved into the fourth lane because it was a quicker way to drive to Front Street. The fourth lane was clear when he moved into it, and he was traveling sixteen or seventeen miles per hour while in that lane. There was a car ten to twenty feet ahead of him in the third lane when he moved into the fourth lane. He remembered having passed "the new WCOL and I was clear then and then when I struck the lady it was passed [sic] the alley and there's a traffic light or lightpost there. It was probably 15 feet past that alley." He also remembers that the eastbound lanes were "fairly clear." He testified that he saw plaintiff for a quick second when she was in the third lane going into the fourth lane, and that he applied his brakes before striking her. He did not see her as she crossed the first and second lanes of Broad Street.

The trial court sustained defendant's motion for summary judgment, finding that there is no genuine issue of material fact on the question of whether plaintiff's own negligence was the proximate cause of her injuries.

Plaintiff asserts the following assignment of error in support of her appeal:

"The trial court erred in granting summary judgment to Defendant-Appellee Lawrence McCabe, when genuine issues of material fact existed which could only be decided by a jury, and when Defendant-Appellee was not entitled to judgment as a matter of law.

"A. In overtaking and passing a vehicle which had stopped to permit Ms. Fritz to cross at the unmarked crosswalk, Defendant-Appellee, Lawrence McCabe, violated Sections 4511.46(A) and (D) of the Ohio Revised Code.

"B. Section 4511.48(C) does not prohibit crossing in the unmarked crosswalk at the intersection of Broad and Young Streets.

"C. The other issues raised as to proximate cause, contributory negligence and assumption of the risk involved genuine issues of material fact which only a jury could decide."

Plaintiff's argument in support of her assignment of error is separated into three topics. Because of our disposition of the first and third topics, we will not expressly decide the issue of the applicability to this case of R.C. 4511.48(C). Our review of the depositions, the record before us and the statutory authority applicable to this appeal causes us to conclude that the trial court's conclusion that plaintiff was negligent as a matter of law was error, and the assignment of error is sustained.

Civ. R. 56 permits the granting of a summary judgment only if there is no genuine issue as to any material fact and reasonable minds could conclude only that the party making the motion is entitled to

a judgment as a matter of law. The party against whom the motion for summary judgment is made is entitled to have the evidence construed most strongly in his or her favor. The trial court apparently relied upon R.C. 4511.46(B) to find that plaintiff was contributorily negligent. That section provides as follows:

"(B) No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle, trackless trolley, or streetcar which is so close as to constitute an immediate hazard."

On the facts and the record before us, reasonable minds could conclude that plaintiff neither left the curb in a manner that exposed herself to an immediate hazard nor acted in an unreasonable manner as she attempted to cross the eight lanes of Broad Street. It cannot be said as a matter of law that a pedestrian who steps from the curb into the first lane of traffic after a car had stopped, successfully negotiates two other lanes of traffic and is struck in the fourth lane is negligent. Even assuming that the obstacle created by the car in the third lane causing her to deviate from her straight line path forms the basis of an argument that she should have returned to her starting point rather than continue her journey across the next five lanes, that is a matter for a trier of fact to determine. If adopted, defendant's argument could have the practical effect of requiring a pedestrian to wait for all traffic in a multi-lane roadway to stop before the pedestrian ventures from one side of the street to the opposite side.

The defendant testified that traffic in the eastbound lanes was "fairly clear." A jury could decide that plaintiff would have been negligent in attempting to return to the northwest curb rather than continuing southbound across the remaining five lanes. The question of what conduct constitutes an immediate hazard would usually be a factual question except in a case where the pedestrian's conduct is clearly negligent.

The error of the trial court would be nonprejudicial if the trial court could have determined that defendant was not negligent as a matter of law. It could not. R.C. 4511.46(A) and (D) created duties for drivers of vehicles as follows:

"(A) When traffic control signals are not in place or not in operation the driver of a vehicle, trackless trolley, or streetcar shall yield the right-of-way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling, or when the pedestrian is approaching so closely from the opposite half of the roadway as to be in danger.

"* * *

"(D) Whenever any vehicle, trackless trolley, or streetcar is stopped at a marked crosswalk or at any unmarked crosswalk at an intersection to permit a pedestrian to cross the roadway, the driver of any other vehicle, trackless trolley, or streetcar approaching from the rear shall not overtake and pass the stopped vehicle."

Under both the cited paragraphs there is a genuine issue of fact regarding defendant's liability. Reasonable minds could conclude that defendant was negligent in overtaking traffic in the third lane, moving into the fourth lane and striking plaintiff. Reasonable minds also could conclude that defendant negligently failed to yield the right-of-way to plaintiff. Because a trier of fact could find on the evidence in the record before us that plaintiff was not negligent and that defendant was negligent, the assignment of error is well-taken and is sustained.

For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion and in accordance with law.

*Judgment reversed*
*and cause remanded.*

McCORMAC and NORRIS, JJ., concur.